```
 1  JAMES C. ALVORD, Esq.
    405 South Main Street
 2  Suite B
    Fallbrook, CA 92028
 3
    (760) 728-1960
 4  Attorney State Bar No. 147148

 5  Attorney for Material Witness: MARTIN VACA-SOTO

 6

 7

 8                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
 9

10
    UNITED STATES OF AMERICA,    ) Criminal Case No.  O8cr1919-IEG
11                               )
                                 )
12          Plaintiff,            ) NOTICE OF MOTION AND MOTION
                                 ) FOR THE TAKING OF A DEPOSITION
13                               ) OF A MATERIAL WITNESS
                                 ) MARTIN VACA-SOTO
14  v.                           )
                                 )
15                               ) DATE: July 31, 2008
                                 )
16  TROY JOHN RITTENHOUSE,        ) TIME: 10:00 AM
                                 ) COURT: Hon. Jan M. Adler
17                               )        San Diego, California
                                 )
18                               )
            Defendant.            )
19                               )
    _____)
20

21      TO:  ANTONIO F YOON, ESQ., Attorney for Defendant

22      TO:  CAROLINE P. HAN, AUSA, Attorney for the Prosecution.

23      PLEASE TAKE NOTICE that on Thursday, July 31, 2008 at 10:00

24  am, or as soon thereafter as counsel may be heard, in the Courtroom

25  of the Honorable Jan M. Adler in San Diego, California, the

26  material witness, MARTIN VACA-SOTO, by and through his counsel,

27  JAMES C. ALVORD, will bring the above entitled motion.

28  / / / /
```

| | |
|---|---|
| 1 | **MOTION** |
| 2 | The material witness, MARTIN VACA-SOTO, by and through his |
| 3 | counsel, JAMES C. ALVORD, and pursuant to Rule 15(a) of the Federal |
| 4 | Rules of Criminal Procedure, and pursuant to 18 U.S.C. Section |
| 5 | 3144, move for an order to secure his testimony pending trial, and |
| 6 | for an order for his release from custody immediately thereafter. |
| 7 | This motion will be made on the grounds that the witness is |
| 8 | unable to meet any condition of release and that his testimony can |
| 9 | be adequately be secured by deposition, and that further detention |
| 10 | is not necessary to prevent a failure of justice and would, in |
| 11 | fact, perpetuate an extreme hardship on the material witness and |
| 12 | his family. |
| 13 | This motion will be made based upon the Declaration of James |
| 14 | C. Alvord, Esq., the Points and Authorities in Support of the |
| 15 | Motion, and all documents and records on file herein, and upon such |
| 16 | oral testimony as the Court may deem proper. |
| 17 | |
| 18 | DATED: July 16, 2008      S/ James C. Alvord |
| 19 |      JAMES C. ALVORD / Attorney for the / Material Witness |

Criminal Case Number:     08cr1919-IEG

Proof of Service

I, the undersigned whose address appears below, certify:

That I am not a party to the above-referenced action; that I am a member of the bar of this court; That my office is located at:
    Law Office of James C. Alvord
    405 S. Main Street, Suite B
    Fallbrook, CA 92028

That I am, and at all times hereinafter mentioned was, more than 18 years of age; That on July 16, 2008, I electronically served a true copy of:

*Notice of Motion and Motion For The Taking of a Deposition of a Material Witness*
*Declaration of Attorney Alvord in Support of Motion For The Taking of Video Deposition of A Material Witnesses*
*Memorandum of Points and Authorities in Support of Motion For The Taking of Video Deposition*
*Deposition Order (Proposed) For The Taking of Video Deposition of The Material Witness*

On all parties to this matter by:

Electronically filing the above-referenced document through the official CM/ECF web site on this day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE: July 16, 2008                            S/ James C. Alvord
                                                             JAMES C. ALVORD

```
JAMES C. ALVORD, Esq.
405 South Main Street
Suite B
Fallbrook, CA 92028

(760) 728-1960
Attorney State Bar No. 147148

Attorney for Material Witness: MARTIN VACA-SOTO
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY JOHN RITTENHOUSE,<br><br>Defendant. | Criminal Case No. 08cr1919-IEG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE TAKING OF THE DEPOSITION OF MATERIAL WITNESS MARTIN VACA-SOTO**<br><br>**DATE: July 31, 2008**<br>**TIME: 10:00 am**<br>**COURT: Hon. Jan M. Adler**<br>**San Diego, California** |

## I.
## INTRODUCTION

The material witness, **MARTIN VACA-SOTO** arrested on or about May 22, 2008, at the San Ysidro Port of Entry by officers of United States Customs and Border Protection after he had illegally entered the United States.

He was later designated as a material witness and placed in custody by US Marshals and subsequently transported to San Diego where he remains in custody. He may remain so indefinitely as a qualified surety cannot be found.

This witness, by and through his appointed counsel, James C. Alvord, move this Court for an Order under U.S.C. Section 3144 and Federal Rule of Criminal Procedure 15, as the witness has been unable to secure a surety under the conditions imposed by the government in this matter.

## II.

## UNDER EXISTING FEDERAL LAW
## THE COURT IS REQUIRED TO ORDER
## THE DEPOSITION AND RELEASE OF THIS WITNESS

The language of 18 U.S.C. Section 3144 provides that material witnesses who are unable to comply with any condition of release have the right to have their depositions taken and thereafter be released:

*"No material witness may be detained because of inability to comply with a condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice..."*

Further, Federal Rule of Criminal Procedure 15(a) provides the procedure basis for this motion for deposition:

*"If a witness is detained pursuant to Section 3144 of Title 18, United States Code, the Court on written motion of the witness and upon notice to the parties may direct that the witness's deposition be taken. After the deposition has been subscribed the Court may discharge the witness..."*

The language of 18 U.S.C. 3144 is mandatory and requires material witnesses's deposition and release. Moreover, any

1  ambiguity which exists in 18 U.S.C. Section 3144 must be construed
2  in favor of material witnesses where they were incarcerated
3  indefinitely without being charged with any criminal violation.
4      As part of <u>In Re Class Action Application for Habeas Corpus on
5  behalf of all Material Witnesses in the Western District of Texas</u>,
6  612 Fed.Supp. 940, 945 (1985), the Court stated:
7      *As a final matter, this Court is of the opinion that 18 U.S.C.*
8  *Section 3144 required that an individual incarcerated as a material*
9  *witness be deposed if certain requirements are met. Without*
10 *assistance of counsel, it is this Court's belief that deposition of*
11 *the material witnesses rarely go forward and that as a consequence,*
12 *the incarceration of material witnesses is prolonged. This Court*
13 *is of the opinion that extant procedures not only create the risk*
14 *of erroneous deprivations of liberty, but also create the risk of*
15 *unnecessarily prolonged deprivations of liberty..."*
16     The instant witness is entitled to due process of the law under
17 the Fifth Amendment. Id. 612 Fed. Supp. at 944. Also see <u>United
18 States v. Linton</u>, 502 Fed. Supp. 878 (1980), which had a material
19 witness's deposition ordered and then ordered the release of the
20 material witness despite failure of the witness to appear in
21 response to subpoena in the underlying criminal action.
22     Further, legislative history supports the position that the
23 deposition and release of the material witness is mandatory.
24     Section 3144: RELEASE OR DETENTION OF A MATERIAL WITNESS, reads
25 (in part):
26     *"This Section carries forward, with two significant changes,*
27 *current 18 U.S.C. 3149 which concerns the release of a material*
28 *witness.   If  a  person's  testimony  is  that  it  may  become*

3

*impracticable to secure his presence by subpoena, the government is authorized to take such person into custody. A judicial officer is to treat such a person in accordance with Section 3142 and to impose those conditions of release that he finds to be reasonably necessary to assure the presence of the witness as required, or if no conditions of release will assure the appearance of the witness, order his detention as provided in Section 3142. However, if a material witness cannot comply with release conditions or there are no release conditions that will assure his appearance, but he will give a deposition that will adequately preserve his testimony, the judicial officer is required to order the witness's release after the taking of the deposition if this will not result in a failure of justice...1984 U.S. Code Cong. and Adm. News, p 3182.*

In the instant mater, counsel for the detained material witness believes there will be no failure of justice in requiring the deposition, and asserts that such contention is supported by case law. It is true that defendant has a Constitutional right to confront and cross-examine witnesses against them, but this right must be balanced against the Constitutional rights of the detained witness. In this matter, the defendant is represented by counsel, said counsel has not been denied the opportunity to interview the witness while the witness has been detained, and said counsel and his client will be notified of the time and place of the deposition and are invited to ask all questions of the witnesses which they believe will further their case.

**III.**
**THE WITNESS AND HIS FAMILY ARE SUFFERING ECONOMIC HARDSHIP AS A RESULT OF HIS CONTINUING INCARCERATION**

1    Federal courts in this District have been applying <u>Torres-Ruiz</u>
2    <u>v. U.S. District Court For The Southern District of California</u>, 120
3    F.3d 933 (9th Cir. 1997) as support for a decision to order the
4    depositions and subsequent release of material witnesses.  Some of
5    these same courts have also been asking for some reassurance that
6    continued incarceration of witnesses will result in a hardship for
7    the witnesses.  Counsel for this witness has provided the Court with
8    a separate declaration identifying the circumstances which are in
9    place creating severe economic and personal hardships for this
10   witness and his family.  Thus, this standard and often-applied
11   requirement has been met.

**IV.
CONCLUSION**

   Under the clear meaning of U.S.C. Section 3144, legislative history and relevant case law, the ordering of deposition and subsequent release of this material witness appears mandatory.

   With that in mind, the witness respectfully requests this Court grant a video deposition of his testimony and then order his release.

**DATED: July 16, 2008**                          **S/ James C. Alvord
                                                  JAMES C. ALVORD
                                                  Attorney for the
                                                  Material Witness**

5

```
 1  JAMES C. ALVORD, Esq.
    405 South Main Street
 2  Suite B
    Fallbrook, CA 92028
 3
    (760) 728-1960
 4  Attorney State Bar No. 147148

 5  Attorney for Material Witness:     MARTIN VACA-SOTO

 6

 7
                       UNITED STATES DISTRICT COURT
 8                    SOUTHERN DISTRICT OF CALIFORNIA

 9

10  UNITED STATES OF AMERICA,    ) Criminal Case No.  08cr1919-IEG
                                 )
11                               )
            Plaintiff,           ) DECLARATION OF ATTORNEY JAMES C.
12                               ) ALVORD IN SUPPORT OF A MOTION FOR
                                 ) THE TAKING OF VIDEO-TAPED
13                               ) DEPOSITIONS OF MATERIAL WITNESSES
    v.                           )
14                               )
                                 ) DATE: July 31, 2008
15                               )
    TROY JOHN RITTENHOUSE,       ) TIME:  10:00 a.m.
16                               ) COURT: Hon. Jan M. Adler
                                 )        San Diego, California
17                               )
                                 )
18          Defendant.           )
                                 )
19  _____ )
```

20     **I, JAMES C. ALVORD,** attorney for material witness, MARTIN

21  VACA-SOTO, declare that I am an attorney duly licensed to practice

22  law in the State of California and in the United States District

23  Court for the Southern District of California.

24     I further declare that on or about May 27, 2008, I was

25  appointed by United States Magistrate Judge Anthony J. Battaglia to

26  represent three material witnesses in the above-referenced alien

27  smuggling case.  While I was able to secure release on bond for two

28  of my clients, a third, Mr. Vaca-Soto remains in custody despite my

best efforts.

The detained witness has informed me that he has no one, not a relative, friend or acquaintance, who would be willing and qualified to serve as a personal surety for him. Efforts of this office to locate a proper individual to act as personal surety for Mr. Vaca-Soto have been unsuccessful as well. Therefore, the witness has remained in custody since his arrest by United States Customs and Border Protection agents nearly two months ago.

This is a particularly cruel time in the life of my client to remain in jail as he is responsible for the care and protection of his family, consisting of his wife and three teenaged children. He had been sending money to their home in Mexico, but obviously has not been able to do so since his arrest.

In addition, Mr. Vaca-Soto informs me that his wife has a very serious thyroid condition requiring expensive care and medication. He is very worried about her.

The fact that this witness is enduring considerable hardship cannot be refuted.

In view of these facts, I solicited and received permission from my client to seek an Order of this Court for taking of his video-taped deposition in order that he might soon be able to return home to his family in Mexico.

I fully explained the procedures involved in the requested deposition and received the promise of my client of his complete cooperation in the video deposition process.

I am unaware of any reason why this witness should not be released after the video deposition pursuant to Rule 15 (a) of the Federal Rules of Criminal Procedure.

1     I believe it would be in the interests of justice to allow the
2 testimony of the material witness in question to be secured by
3 video deposition and to thereafter release the witness back to his
4 family in Mexico in order to prevent further suffering from
5 incarceration and its attendant hardships.
6     It is clear that continued incarceration of this witness will
7 unnecessarily prolong his hardship.
8     I declare under penalty of perjury that the foregoing is true
9 and correct.
10 DATE: July 16, 2008                          S/ James C. Alvord
                                                               JAMES C. ALVORD