FILED

JUL 31 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No.08cr1919-IEG |
| | ) |
| Plaintiff, | ) **DEPOSITION ORDER FOR** |
| | ) **MATERIAL WITNESS:** |
| v. | ) |
| | ) **MARTIN VACA-SOTO** |
| | ) |
| | ) |
| TROY JOHN RITTENHOUSE, | ) |
| | ) **DATE:    July 31, 2008** |
| | ) **TIME:    10:00am** |
| | ) **COURT:  Hon. Jan M. Adler** |
| | )         **San Diego, California** |
| Defendant. | ) |
| | ) |
| _____ | ) |

**ORDER**

Upon the request of the material witness, **MARTIN VACA-SOTO**, hereinafter known as the material witness, and his counsel, Attorney James C. Alvord, and good cause appearing:

1.  The material witness being held in custody in case number 08cr1919-IEG shall be deposed on _8/14/08_, at _10:30am_ in the United States Attorney's office, located at 880 Front Street, Fifth Floor, in San Diego, California.

1    2.  All parties, meaning the United States and the

2    defendant, shall attend the material witness's deposition.  The

3    arresting agency shall bring the material witness to the

4    deposition. If, in custody, the defendant shall be brought

5    separately to the deposition and a marshal shall remain present

6    during the proceedings.

7    3.  The United States Attorney's Office shall provide a

8    videotape operator, and, if necessary, arrange for a court-

9    certified interpreter to be present for the material witness. The

10   cost of the interpreter for the material witness will be borne by

11   the United States Attorney's Office.

12   4.  If the defendant needs an interpreter other than the

13   material witness interpreter (if any), defense counsel will

14   arrange for a court-certified interpreter to be present.  The

15   cost of a separate interpreter for the defendant shall be paid by

16   the Court.

17   5.  The United States Attorney's Office shall arrange for a

18   certified court reporter to be present.  The court reporter shall

19   stenographically record the testimony, serve as a notary and

20   preside at the deposition in accordance with Rule 28(a) of the

21   Federal Rules of Civil Procedure.  The cost of the court reporter

22   shall be borne by the United States Attorney's Office.

23   6.  The deposition shall be recorded by videotape, meaning a

24   magnetic tape that records sound as well as visual images.  At

25   the  conclusion of the deposition, on the record, the witness or

26   any party may elect to have the witness review the videotape

27   record of the deposition so as to check the recording for errors

28

or omissions and to note any changes.  Any errors or changes, and
the reasons for making them, shall be stated in writing, signed
by the witness delivered to the notary in a sealed envelope and
filed in the same fashion as described in Paragraph 17 below,
unless the parties agree on the record to a different procedure.

7. The operator shall select and supply all equipment
required to videotape the deposition and shall determine all
matters of staging and technique, such as number and placement of
cameras and microphones, lighting, camera angle, and background.
The operator shall determine these matters in a manner that
accurately reproduces the appearance of the witness and assures
clear reproduction of both the witness's testimony and the
statements of counsel.  The witness or any party to the action,
may object on the record to the manner in which the operator
handles any of these matters.  Any objections shall be
considered by the Court in ruling on the admissibility of the
videotape record.  All such objections shall be deemed waived
unless made promptly after the objector knows, or had reasonable
grounds to know, of the basis for such objections.

8.  The depositions shall be recorded in a fair, impartial,
and objective manner.  The videotape equipment shall be focused
on the witness; however, the videotape operator may when
necessary or appropriate focus upon charts, photographs, exhibits
or like material being shown to the witness.

9.  Before the examination of the witness, the Assistant
U.S. Attorney shall state on the record his/her name; the date,
time and place of the deposition; the name of the witness; the

1    identity of the parties and names of all persons present in the

2    deposition room.  The court reporter shall then swear the witness

3    on the record.  Prior to any counsel beginning an examination of

4    the witness, that counsel shall identify himself/herself and

5    his/her respective client on the record.

6        10.  Once the deposition begins, the operator shall not stop

7    the videotape recorder until the deposition concludes, except

8    that any party may request a brief recess, which request will be

9    honored unless another party objects and specifies a good faith

10   basis for the objection on the record.  Each time the tape is

11   stopped, or started, the operator shall announce the time on the

12   record.  If the deposition requires the use of more than one

13   tape, the operator shall sequentially identify on the record the

14   end and beginning of each tape.

15       11.  All objections both as to form and substance shall be

16   recorded as if the objection had been overruled.  The Court shall

17   rule on objections at the appropriate time.  The party raising

18   the objection(s) shall prepare a transcript for the Court to

19   consider.  All objections shall be deemed waived unless made

20   during the deposition.

21       12.  The party offering the deposition into evidence at

22   trial shall provide the Court with a transcript of the portions

23   so offered.

24       13.  Copies of all exhibits utilized during the videotaped

25   deposition shall be attached to the videotaped record.

26       14.  At the conclusion of the deposition, any objection,

27   including the basis, to release of the material witness from

28

1    custody shall be stated on the record.  If there is no objection,

2    the attorney for the material witness shall immediately serve all

3    parties with a Stipulation and Proposed Order for Release of the

4    Material Witness and submit the Order to the Clerk of the Court

5    for the Judge's signature.  Prior to release from custody, the

6    attorney for the Government shall serve the material  witness

7    with a subpoena for the trial date and a travel fund advance

8    letter.

9         15. The operator shall provide a copy of the videotaped

10   deposition to any party who requests a copy at that party's

11   expense.  After preparing the requested copies, if any, the

12   videotape operator shall deliver the original videotape to the

13   notary along with a certificate signed by signed by the operator

14   attesting that the videotape is an accurate and complete record

15   of the videotaped deposition.  The operator shall then deliver

16   the video tape to the notary along with a certificate signed by

17   the operator attesting that it is an accurate and complete

18   recording of the deposition.  The notary shall then file the

19   original tape and certification with the Clerk of Court in a

20   sealed envelope marked with the caption of the case, the name of

21   the witness and the date of the deposition.

22        16.  The notary shall file with the Clerk of the Court, in a

23   sealed envelope the original videotape, along with any exhibits

24   offered during the deposition.  The sealed envelope shall be

25   marked with the caption of the case, the name of the witness, and

26   the date of the deposition.  To that envelope, the notary shall

27   attached the certificate of the operator.  _If all counsel_

28

1    stipulate on the record, the Government may maintain the original
2    videotape until production is ordered by the Court or requested
3    by an party.

4        17.   Unless waived by the parties, the notary shall give
5    notice to all parties of the filing of the videotaped deposition
6    with the Court pursuant to Federal Rule of Civil Procedure
7    30(f)(3).

8        18. If any party objects on record to the release of the
9    material witness rom custody, the objecting party must request in
10   writing a hearing on the issue before the federal judge who is
11   assigned the case or to such other district judge or magistrate
12   judge as they designate.   Notice of the Request for Hearing must
13   be served on all parties and filed with the Clerk of the Court
14   within twenty-four (24) hours after the completion of the
15   deposition, with a courtesy copy to chambers.   The Court will set
16   a briefing schedule, if appropriate, and a date and time for the
17   objection to be heard as soon as reasonably practicable.   At the
18   hearing, the objecting party must establish to the Court's
19   satisfaction an appropriate legal basis for the material witness
20   to remain in custody.   If, after the hearing, the Court orders
21   the release of the material witness, the material witness
22   attorney shall immediately present the release order to the Court
23   for signature and filing.   Before the release of the material
24   witness from custody, the Government shall serve the material
25   witness with a subpoena for the trial date and a travel fund
26   advance letter.
27   **IT IS SO ORDERED.**

28

6

1    Dated: _7/31/08_

2                                        _____
                                         UNITED STATES MAGISTRATE JUDGE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28